**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 19-cv-00314-LTB-GPG

MELANIE FRANKLIN,

    Applicant,

v.

DEPARTMENT OF HOMELAND SECURITY,
IMMIGRATION AND CUSTOMS ENFORCEMENT,
FEDERAL BUREAU OF INVESTIGATION,
UNITED STATES MARSHAL, and
SHERIFF/WARDEN, Denver County Jail, and
WARDEN, Denver County Detention Center,

    Respondents.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the [amended] Application of a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 15).[1] Applicant, Frederick Banks, purports to proceed *pro se* as "next friend" to Melanie Franklin. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 17).[2] The Court

---

[1] "(ECF No. ___)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

has considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the [amended] Application and this action be dismissed without prejudice.

## I. Factual and Procedural Background

Applicant, Frederick Banks, is detained in the Allegheny County Jail in Pittsburgh, Pennsylvania. He initiated this action on February 5, 2019, by submitting *pro se* a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) and a Motion and Declaration in Support of Motion to Proceed In Forma Pauperis. (ECF No. 2),

In the both the original and amended pleadings, Mr. Banks challenges the detention of Melanie Franklin, who is a citizen of Iran, at the Denver County Jail or Denver City Detention Center. Mr. Banks asserts that Ms. Franklin, who is a Muslim, was arrested without probable cause, in violation of the Fourth Amendment, and that her continued detention violates her rights under the First Amendment free exercise clause and the Fourteenth Amendment due process clause. Mr. Banks further alleges that Ms. Franklin was unlawfully placed under surveillance, in violation of the Foreign Surveillance Intelligence Act, 50 U.S.C. § 1801, *et seq.* For relief, Mr. Banks asks that Ms. Franklin be released unconditionally from custody or on bond.

In a February 6 Order, the Court directed Mr. Banks to show cause why he should be allowed to prosecute this action as Ms. Franklin's next friend, pursuant to 28 U.S.C. § 2242. (ECF No. 4). Magistrate Judge Gallagher warned Mr. Banks that he may not act as Ms. Lawson's next friend unless he is represented by counsel. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) (holding that a minor child cannot bring suit through a parent acting as next friend unless the parent is

represented by counsel). Magistrate Judge Gallagher also warned Mr. Banks and Ms. Franklin that failure to show cause by the deadline would result in dismissal of this action without further notice. (*Id.*). The February 6 Order also directed Mr. Banks to resubmit his pleading on the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and to address the $5.00 filing fee. (*Id.*). A copy of the February 4 Order was sent to Mr. Banks in Pennsylvania, and to Ms. Franklin at two different Denver detention facilities, but the copies mailed to Ms. Franklin were returned to the Court as undeliverable. (ECF Nos. 7, 8 and 10). One of the returned envelopes addressed to Ms. Franklin include a notation that she was "released." (ECF No. 8). Due to a clerical error, Mr. Banks did not receive a copy of the February 6 Order until mid-March. (ECF No. 11). In an April 3, 2019 minute order, the Court directed the clerk of the court to send Mr. Banks copies of the court-approved forms needed to cure the filing deficiencies and granted him an extension of time to comply with the February 6 Order. (ECF No. 13).

On April 26, 2019, Mr. Banks filed an [amended] Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, which he also designated as his response to the February 6 Order to Show Cause. (ECF No. 15). Mr. Banks also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. (ECF No. 14).

**II. Legal Standards**

The Court construes the [amended] Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 liberally because Mr. Banks is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991). However, the Court will not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

**IIII. Analysis**

Mr. Banks maintains that he has standing to pursue federal habeas relief on behalf of Ms. Franklin, pursuant to 28 U.S.C. § 2242. The statute provides that an "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. However, as discussed in the February 6 Order, Ms. Franklin should be named as the applicant, not Mr. Banks. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (noting that a "next friend" does not himself or herself become a party to the habeas corpus action he or she is litigating).

Furthermore, standing under § 2242 is not granted automatically to everyone seeking to proceed on another's behalf. *See Whitmore*, 495 U.S. at 163. The Supreme Court has identified two requirements that must be met to have standing to litigate a habeas corpus action on behalf of another person under § 2242. *Id.* These requirements are:

> First, a "next friend" must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate.

*Id.* In addition to these two prerequisites, it has been suggested that a "next friend" must have some significant relationship with the real party in interest. *Id.* at 163-64.

Mr. Banks was warned in the February 6 Order that he failed to demonstrate that Ms. Franklin is unable to appear on her own behalf to prosecute this action. Further,

4

Mr. Banks failed to explain the nature of his relationship with Ms. Franklin. Mr. Banks was further warned that he may not act as Ms. Lawson's next friend unless he is represented by counsel. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) (holding that a minor child cannot bring suit through a parent acting as next friend unless the parent is represented by counsel).

Mr. Banks' response to the order to show cause fails to demonstrate that he should be allowed to prosecute this habeas corpus action on behalf of Ms. Franklin. Further, Ms. Franklin has not responded to the Court's order and it appears she has been released from detention. Therefore, I recommend that the amended application (ECF No. 15) and this action be dismissed without prejudice because Mr. Banks lacks standing to prosecute this action as Ms. Franklin's next friend.

## IV. Recommendation

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the [amended] Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be DISMISSED WITHOUT PREJUDICE because Mr. Banks lacks standing to prosecute this action as Ms. Franklin's next friend.

DATED at Grand Junction, Colorado, this 20th day of May, 2019.

BY THE COURT:

Gordon P. Gallagher

United States Magistrate Judge